UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHOINE PLUNKETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-341 (RWR) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction.**

Presently before the Court is Plaintiff's motion for reconsideration of the Court's Minute Order of October 14, 2011, which denied Plaintiff's two earlier (and identical) motions to amend his complaint.  The Court denied Plaintiff's earlier two motions to amend because Plaintiff did not attach a proposed amended complaint to either motion.  To the extent that Plaintiff actually seeks reconsideration of the Court's interlocutory minute order, his motion will be denied because Plaintiff has provided no reason why such reconsideration should be granted.  To the extent that Plaintiff moves anew for leave to amend his complaint—this time, he has filed a proposed amended complaint—his motion will also be denied because Plaintiff does not need such leave; the Court will simply accept the proposed amended complaint for filing.

**II.  Analysis.**

**A.  The Motion for Reconsideration Will Be Denied.**

On October 14, the Court denied Plaintiff's two motions for leave to amend his complaint because he failed to attach a proposed amended complaint to either motion.  Minute Order, Oct. 14, 2011; *see* Mot. to Amend Pleadings Pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, ECF No. 13; Mot. to Amend Pleadings Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, ECF No. 15.  Plaintiff now moves for reconsideration of that minute order.  *See* Mot. for Reconsideration of Mot. to Amend Pleadings Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, ECF No. 25 [hereinafter Mot.].

   An interlocutory order such as the minute order at issue "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  "[R]elief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available 'as justice requires.'" *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, No. 05-cv-220, 2011 WL 1097450, at *2 (D.D.C. Mar. 25, 2011) (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)).  "'As justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004)) (alteration in original).  Therefore, "[i]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003)).  Plaintiff's motion lacks any showing of a change in law, discovery of new evidence, or clear error.  *See* Mot.  There is therefore no reason to reconsider the Court's denial of Plaintiff's two earlier motions.

> **B.    The Motion to Amend Will Be Denied; the Proposed Amended Complaint Will Be Accepted as Filed.**

It is clear from the content of Plaintiff's current motion that he seeks more than reconsideration of the Court's denial of his two earlier motions for leave to amend: He also seeks such leave anew and has attached a proposed amended complaint to his motion.  Mot. at 1 ("[M]oving this court for permission to amend the original pleadings and complaint.").  This motion will be denied as moot because Plaintiff may amend his complaint once as a matter of course; the Court will simply accept the proposed amended complaint for filing.

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  Fed. R.Civ. P. 15(a)(2).  A complaint is a pleading to which a responsive pleading is required.  *See* Fed. R. Civ. P. 7(a)(2), 12(a)(1)(A).  Therefore, under Rule 15(a)(1)(B), a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).  *Villery v. District of Columbia*, No. 10-cv-630, 2011 WL 5108511, at *1 (D.D.C. Oct. 27, 2011).  Defendant has only filed a motion for summary judgment; it has not yet filed an answer and or a motion under Rule 12(b), (e), or (f).  Plaintiff may therefore amend his complaint once as a matter of course.  The Court will therefore deny Plaintiff's motion as moot and simply accept the amended complaint he attached to his motion for filing.  The Court will also give Defendant an opportunity to supplement its summary judgment motion to address the complaint as amended.

-4-

Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration of Motion to Amend Pleadings Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, ECF No. 25, is **DENIED**; it is

**FURTHER ORDERED** that the Clerk of the Court shall post as a new docket entry the amended complaint, which is currently filed at ECF No. 25-1; and it is

**FURTHER ORDERED** that the Defendant shall file any supplement to its pending motion for summary judgment addressing the complaint amended on or before January 18, 2012.

**SO ORDERED** this 20th day of December, 2011.

                                              /s/
                                    RICHARD W. ROBERTS
                                    United States District Judge