UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHOINE PLUNKETT,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 11-341 (RDM) |

# MEMORANDUM OPINION

Plaintiff Anthoine Plunkett brought this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), on February 9, 2011, seeking to compel the Executive Office for the United States Attorneys ("EOUSA"), a component of the Department of Justice ("Department"), to disclose records relating to his criminal prosecution and conviction. In a series of three decisions, *see Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289 (D.D.C. 2013) ("*Plunkett I*"); *Plunkett v. Dep't of Justice*, 2015 WL 5159489 (D.D.C. Sept. 1, 2015) ("*Plunkett II*"); *Plunkett v. Dep't of Justice*, 202 F. Supp. 3d 59 (D.D.C. 2016) ("*Plunkett III*"), the Court has pared the outstanding issues down to a final question requiring clarification: After EOUSA referred 185 pages of records that were potentially responsive to Plunkett's FOIA request to the Bureau of Prisons ("BOP") for its review, "what happened to the [25 pages of] materials *not* returned from [the] BOP . . . to EOUSA[?]" *Plunkett III*, 202 F. Supp. 3d at 63. The Department has filed a fourth summary judgment motion addressing this question, Dkt. 74, and because the Court concludes that the Department has successfully addressed the final unresolved issue, the Court will grant the Department's motion and will enter final judgment in favor of the Department.

# I. BACKGROUND

The full history of the case is familiar to the parties and is explained in-depth in the Court's prior opinions. *See Plunkett III*, 202 F. Supp. 3d at 60–61; *Plunkett II*, 2015 WL 5159489, at *1–3; *Plunkett I*, 924 F. Supp. 2d at 296–97, 305. For present purposes, the Court discusses only those portions of the background relevant to the Department's renewed motion for summary judgment.

As part of its "initial processing of [Plunkett's] [FOIA] request," on May 19, 2009, "the Department . . . transferred [185 pages of] records to the BOP" for its review. *Plunkett II*, 2015 WL 5159489, at *10; *see also* Dkt. 74-1 at 2–3 (Baime Decl. ¶ 5). Two months later, the BOP "returned 160 pages of records . . . to the EOUSA" that "were not BOP records," and retained 25 pages of records for further review. Dkt. 74-1 at 2–3 (Baime Decl. ¶ 5). The Department "ultimately withheld . . . the *returned* records as 'non-responsive/categorically third-party records,'"[1] *Plunkett II*, 2015 WL 5159489, at *10 (quoting *Plunkett I*, 924 F. Supp. 2d at 297) (emphasis added), but has not previously explained "the disposition of the records that [the] BOP *did not return* to EOUSA," *Plunkett III*, 202 F. Supp. 3d at 63 (emphasis added). Indeed, "over the course of [its] three [prior] motions for summary judgment," the Department never "produced a declaration from [the] BOP explaining the disposition of the referred records," *id.* at

---

[1] The disposition of the 160 pages of records returned to EOUSA from the BOP is not currently before the Court. *See Plunkett III*, 202 F. Supp. 3d at 63; *see also* Dkt. 16-1 at ¶ 14 (explaining that "EOUSA re-reviewed [the] documents" returned to it by the BOP, and released to Plunkett "one page in full" and "portions of 35 pages" while "withh[olding] 124 pages in full" (citing Dkt. 16-5 at 6 (Boseker Decl. ¶ 23)). To the extent that Plunkett's opposition to the Department's renewed motion for summary judgment objects to the Department's withholdings and seeks *in camera* "review of the 160 pages . . . to [e]nsure that the exemptions cited [by the Department] are just and proper," Dkt. 76 at 2, the Court notes that it has already adjudicated that portion of the case and that it invited further briefing regarding *only* the 25 pages of records not returned by the BOP. *See Plunkett III*, 202 F. Supp. 3d at 63 (noting continued uncertainty only as to "materials *not* returned from [the] BOP").

2

63 n.2, and because the Court was "left to guess about the disposition" of the 25 pages of records that the BOP did not return to EOUSA, the Court "den[ied] summary judgment as to those referred records," *id.* at 63.

## II. DISCUSSION

In support of its renewed summary judgment motion, the Department—on its fourth opportunity to do so—submits a declaration from Eugene E. Baime, the "[s]upervisory [a]ttorney for the Freedom of Information Act/Privacy Act" section of the BOP. Dkt. 74-1 at 1 (Baime Decl. ¶ 1). Baime avers that, after the BOP received the referral of 185 pages of documents from EOUSA, it determined that 160 of the pages "*were not* BOP records" and that those records were then returned to the EOUSA. *Id.* at 2 (Baime Decl. ¶ 5) (emphasis added); *see also* Dkt. 74-1 at 13 (letter from BOP "returning 160 pages of records" to EOUSA). With respect to the remaining pages that *were* BOP records, Baime further attests that the BOP concluded that all 25 pages "were fully releasable," and that it accordingly "mailed both the determination letter and [the 25 pages of] records to [Plunkett]" on July 28, 2009. *Id.* at 3 (Baime Decl. ¶ 5); *see also* Dkt. 74-1 at 15 (letter from the BOP to Plunkett explaining that it was enclosing "25 pages of information . . . in their entirety" but noting that the "remaining pages" that had been referred from EOUSA to the BOP "did not originate with the BOP" and were returned to "EOUSA for further processing").

Because the Department has now adequately addressed the Court's outstanding concern, and because the BOP has released all 25 pages of the remaining records, the Court has no further function to perform under FOIA. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (per curiam); *see also Bayala v. U.S. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("[O]nce all the documents are released to [a] requesting party, there no

3

longer is any case or controversy."). Plunkett does not allege that the BOP failed to disclose the records to him,[2] *see* Dkt. 79-1 at 1; *see also* Dkt. 1-9 at 2 (attaching the BOP's determination letter to his complaint), but, rather, asks the Court to "hold all agencies accountable for the processing and accounting of the record" by requiring the Department to attach the 25 disclosed pages of BOP records as "an exhibit" to a public filing on the docket, Dkt. 79-1 at 1. The Court declines the invitation; the Department has satisfied its FOIA obligations by releasing the 25 pages of responsive BOP records directly to Plunkett, and it need not take the additional step of submitting those records as an exhibit on the docket.

### III. CONCLUSION

For the foregoing reasons, the Department's renewed motion for summary judgment, Dkt. 74, is **GRANTED**. Plunkett's motion for leave to file a surreply, Dkt. 79, is **GRANTED**.

A separate Order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 7, 2017

---

[2] Plunkett also seeks leave to file a surreply. *See* Dkt. 79. The "'decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court,' and in making its decision, 'the Court considers whether the surreply is helpful to the adjudication of the motion for summary judgment and whether the defendant will be unduly prejudiced if the [C]ourt grants leave to allow the surreply.'" *Clendenny v. The Architect of the Capitol*, 14-cv-115, 2017 WL 627367, at *4 n.2 (D.D.C. Feb. 15, 2017) (quoting *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011)) (alterations omitted). Here, the Court concludes that Plunkett's surreply provides helpful clarification regarding the arguments he asserts in his opposition brief and that the Department will not be prejudiced by its filing. Accordingly, the Court will grant Plunkett's motion to file a surreply, Dkt. 79, and his surreply brief, Dkt. 79-1, is deemed filed.